# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv70

| | |
|---|---|
| PEGGY J. GARRETT, )<br>)<br>    Plaintiff, )<br>)<br>Vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security, )<br>)<br>    Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court upon the Commissioner's Motion to Dismiss for Failure to Prosecute and Motion to Amend Scheduling Order. After hearing, the Commissioner agreed to withdraw the motion and allow plaintiff until December 30, 2008, to file her motion and brief. The court concurs in such resolution.

Counsel for plaintiff is cautioned that future, similar deficiencies in this or other cases may not be resolved so favorably. Counsel for plaintiff is further cautioned that while many attorneys allow staff to electronically file for them, the responsibility is ultimately their own and that to practice in this court proficiently, an attorney must become familiar and know how to file through ECF. In addition, keeping track of court imposed deadlines is a fundamental of federal practice. Being able to file through ECF as well as track deadlines is especially important for practitioners who have high staff turnover.

Practice in this court is a privilege and not a right. In administering the Bar, the court's first duty is to ensure that counsel admitted to the bar of this court practice in a manner that is not harmful to litigants. Had the Commissioner not exercised her

discretion as he did in this case, plaintiff's claim would have been lost as excusable neglect had not been shown. While this procedural default would have been devastating to the plaintiff, there would have been consequences for counsel too that could have extended well beyond the bounds of this case. Quite frankly, the representations that were made by plaintiff's counsel in the Motion to Amend Scheduling Order, lacked candor, Rule 3.3, N.C.R.P.C., and completely missed the well settled legal standard required to avoid dismissal for failure to prosecute. See Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[1]

The goal of this Order is not to chastize or belittle, but to provide guidance to an attorney who has proven himself to be a zealous as well as a compassionate advocate through many years of service to the Bar of this court. Counsel for plaintiff should share his pleading (in context) along with this Order with another trusted and seasoned member of the Bar in an attempt to understand where such pleading may have lead and what should be done to avoid such situations in the future. While the court has the highest degree of personal respect for plaintiff's counsel, he is advised formally that this is not his first warning in a Social Security case, but it is, by necessity, the last, as the court simply cannot allow the rights of litigants to be repeatedly placed in jeopardy in this manner.

---

[1] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Commissioner's Motion to Dismiss for Failure to Prosecute is by oral motion of the Commissioner **WITHDRAWN** and the plaintiff's Motion to Amend Scheduling Order is **ALLOWED**, notwithstanding the above concerns, and plaintiff is **ALLOWED** up to and inclusive of December 30, 2008, to file her motion and brief, and the Commissioner shall have 60 days from such filing by plaintiff to file his motion and brief.

Signed: December 8, 2008

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge